UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, : : Plaintiff, : : v. : : IVANA CRECCO, : : Defendant. : | Criminal No. 04-880 (JAG)<br><br>**ORDER** |

**GREENAWAY, JR., U.S.C.J.**[*]

    This matter comes before this Court on the motion, filed by defendant, Ivana Crecco ("Defendant"), seeking reduction of her restitution payment, pursuant to 18 U.S.C. § 3664(k). Defendant argues that, due to the material change in her financial circumstances, her restitution obligation should be reduced from a total of $1,132,773, being made in monthly installments of $500,[1] to a single lump sum payment of $30,000. The Government opposes Defendant's request. For the reasons set forth below, Defendant's motion will be denied, as moot.

    On May 5, 2005, this Court sentenced Defendant. At that time, this Court ordered that Defendant pay restitution to the victim in this matter – Value City Department Stores, Inc. ("Value City"). The restitution amount was determined to be $1,132,773. As a result of this

---

[*] Sitting by designation on the District Court.

[1] From February 2008 through August 2008, Defendant's monthly payments were reduced to $300. (Decl. of Def., Ivana Crecco, in Support of Def.'s Mot. to Modify Restitution ¶ 40.)

1

loss, the victim's bonding company, National Union Fire Insurance Co. of Pittsburgh, PA of American International Group ("AIG"), paid $1,132,773 to the victim, Value City. According to Defendant's counsel, "the corporate victim has already been made whole by AIG's payment under the bond." (Reply Mem. of Law by Def., Ivana Crecco, in Further Support of the Mot. to Modify Restitution Obligations Pursuant to 18 U.S.C. § 3664(k) 2.) There is no evidence before this Court to the contrary. Defendant now presents this Court with a settlement between Defendant and the third party, AIG.

While both Defendant and the Government focus their arguments on 18 U.S.C. § 3664(k),[2] this Court finds that statute inapplicable to the present case. Section 3664(k) addresses reduction or modification of restitution payments. Here, the restitution ordered has been paid to the victim. Given that the victim has been made whole, this Court no longer has any role to play in the supervision of restitution payments. The proposed settlement does not impact this Court's order of restitution, which has been satisfied. Instead, the proposed settlement is a business transaction between Defendant and a third party, AIG, essentially a successor-in-interest to the victim, Value City. AIG has determined what it believes is an appropriate amount to settle

---

[2] Section 3664(k) provides that

A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

with Defendant. Defendant has agreed to pay that amount. This Court has no jurisdiction or authority to oversee or grant its imprimatur to the settlement. As such, this Court is not able to approve or disapprove the settlement.

Therefore,

IT IS, this 25th day of March, 2010,

ORDERED that Defendant's motion (Docket Entry No. 15) is DENIED, as moot; and it is further

ORDERED that this Court shall not impede or interfere with the consummation of the settlement between Defendant and third party, AIG; and it is further

ORDERED that a copy of this Order be served on all parties within seven (7) days of the date of entry of this Order.

 S/Joseph A. Greenaway, Jr.  
JOSEPH A. GREENAWAY, JR., U.S.C.J.  
(Sitting by designation on the District Court)